■ In the Matter of LOLA SPRINZELES, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 9, 1991, which denied petitioner's CPLR article 78 application seeking to annul respondent New York City Employees' Retirement System's (NYCERS) determination that petitioner was not eligible for a retirement pension, and which dismissed the proceeding, unanimously affirmed, without costs.

The trial court properly concluded that there was a rational basis for the determination that petitioner had not accumulated enough credited service to become eligible for a pension pursuant to Retirement and Social Security Law, article 15, §§ 602 and 609, which require that a system member render at least 10 years of credited service to qualify for a pension. Previous years of service can be credited only after the member has served at least 5 years upon rejoining the retirement system. Here, petitioner did not serve that 5-year minimum; she rejoined the system by filling out the appropriate form on June 26, 1987, after having been advised that the Department of Aging, by whom she was employed, had erroneously been making FICA deductions from petitioner's paycheck as if she had rejoined the retirement system in July of 1984. Subsequently, she quit her job on September 5, 1989. There is no evidence in the record to support the assertion of petitioner's counsel that a membership application had been filed with the Department of Aging (DOA) on July 1, 1984. In fact, a claim examiner at the City Comptroller's office stated that neither the DOA nor NYCERS ever received a 1984 application for membership.

Petitioner argues that NYCERS should be estopped from asserting that the membership began in June 1987 because she had relied, to her detriment, on her apparent membership in the retirement system. This reliance was based on the FICA deductions from her paychecks. However, it should have been clear to petitioner from the employee's guide to NYCERS regulations that the choice to join the system and thereby have FICA deducted was for her to make. (Under NYCERS rules, social security coverage is only available to employees who elect to join the retirement system.) Moreover, after rejoining the system, petitioner purchased service credit for the dates July 1, 1984 to June 25, 1987, thereby establishing that she knew that she was not a member during those years. Respondents were not responsible for any misunderstanding on petitioner's part with respect to the status of her eligibility for a pension because "those who deal with the government are expected to know the law" *(Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 131). Concur —Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.